UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BRADLEY J. SOBOLIK,                    Civil No. 09-1785 (JRT/RLE)

        Plaintiff,

v.                                      **BLANKET PROTECTIVE ORDER**

BRIGGS & STRATTON
CORPORATION, BRIGGS &
STRATTON POWER PRODUCTS
GROUP, LLC, AND SIMPLICITY
MANUFACTURING, INC.,

        Defendants.

---

    Jeffrey Hane, **BRINK SOBOLIK SEVERSON MALM & ALBRECHT, PA,** Post Office Box 790, Hallock, MN 56728; Bastion Kane and John Gehlhausen, **JOHN GEHLHAUSEN, PC**, 22488 East Polk Drive, Aurora, CO 80016, for plaintiff.

    James Haigh and David Wikoff, **COUSINEAU MCGUIRE CHARTED**, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416; Donald Carlson and James Niquet, **CRIVELLO-CARLSON SC**, 710 North Plankinton Avenue, Suite 500, Milwaukee, WI 53203, for defendants.

    This matter is before the Court upon Plaintiff's Request for Blanket Protective Order [Docket No. 29]. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential, proprietary and trade secret information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS HEREBY ORDERED**:

    1.    This Protective Order shall apply to all documents, materials, and

information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. A used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary and/or trade secret and implicates common law and statutory business/privacy interests of Defendant Briggs & Stratton, Inc. *See e.g.* F.R.C.P. 26 (c) (1) (G) (including "confidential research, development, or commercial information"); 5 U.S.C. § 552 (b) (4); 18 U.S.C. § 1905; O.R.C. §§ 1333.01 - .99. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the family of plaintiff's decedent and designated representatives of said family members;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel"); such filings shall be made under seal to be viewed by the Court, the Court's clerks and stenographers only unless otherwise ordered by the Court;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses at trial and potential witnesses; prior to confidential documents, material and information being shown to potential witnesses, notice shall be given to the producing party's counsel 10 business days in advance of the names, addresses and employer of such potential witnesses, the documents, materials and information that will be provided, and the producing party may object within five business days of the receipt of such notice. If agreement cannot be reached, the objecting party shall follow the procedures for bringing an appropriate motion as set forth in paragraph 8; and

(h) other persons by written agreement of the parties.

    5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by Counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such

acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties do not resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within 10 business days after the parties agree that they cannot agree requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party

fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

      9.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

      10.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

      11.    The terms of this Protective Order may be enforced by this Court at any time by the issuing of further Orders as set forth by Rule 37 of the Federal Rules of Civil Procedure.

DATED:  February 16, 2010
at Minneapolis, Minnesota

                                      __s/ John R. Tunheim __
                                        JOHN R. TUNHEIM
                                        United States District Judge