UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BRADLEY J. SOBOLIK, Trustee for the Next of Kin of WENDY J. SOBOLIK, Deceased,<br><br>*Plaintiff,*<br><br>vs.<br><br>BRIGGS & STRATTON CORPORATION;<br>BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC; and<br>SIMPLICITY MANUFACTURING, INC.,<br><br>*Defendants.* | Civil Action No. 09-CV-01785-JRT-RLE<br><br>JURY DEMANDED |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE GENRAL OBJECTIONS**

The defendants, Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC and Simplicity Manufacturing, Inc., now known as Briggs & Stratton Power Products Group, LLC ("Briggs"), by their attorneys, COUSINEAU MCGUIRE CHARTERED and CRIVELLO CARLSON, S.C., hereby submit this memorandum in opposition to plaintiff's Motion to Strike General Objections scheduled to be heard on July 1, 2010 at 2:30 p.m. by Chief Magistrate Judge Raymond J. Erickson.

## **INTRODUCTION**

Plaintiff has filed this motion seeking to strike the general objections used by Briggs in responding to plaintiff's discovery requests. Plaintiff claims these general objections should be stricken as they are not consistent with Federal Rules of Civil Procedure 33 and 34. However, FRCP 33 and 34 do not prohibit the use of general objections or preliminary objections, and Briggs has satisfied the requirements under FRCP 33 and 34 by objecting with specificity to each of plaintiff's requests. Further, apart from the general objections, Briggs has properly objected to each discovery request separately and has not solely relied on the general objections. Therefore, plaintiff's motion to strike should be denied.

## **ARGUMENT**

**Briggs Has Properly Objected to Each Propounded Discovery Request By Plaintiff Under FRCP 33 & 34.**

Federal Rules of Civil Procedure 33(b)(3) and (4) and 34(b)(2)(B)(C) require a responding party to respond to each item and state a specific objection to each interrogatory or request in the event an objection is necessary. Nowhere in plaintiff's memorandum does plaintiff state that Briggs failed to meet this requirement. Rather, plaintiff provides numerous cases from various jurisdictions that state essentially the same thing: a responding party cannot rely merely on broad and general objections. While some courts may not find the use of general objections desirable, the use of general

objections in conjunction with specific and meaningful objections to each interrogatory or request is well within FRCP 33 and 34.

Significantly, most of these cases cited by plaintiff are not applicable in this instance because Briggs provided **both** a general objection and a specific objection to each propounded request by plaintiff. For example, in Cotracom Commodity Trading Co., v. Seaboard Corp., 1998 WL 231135 (D. Kan.), cited by plaintiff, the court ruled that the plaintiffs waived their objections to selected interrogatories based on plaintiff responding to these interrogatories solely by referencing its general objections listed at the outset of its response. Id. at *1.  Again in a case also cited by plaintiff, In Re Shopping Carts Antitrust Litigation 95 F.R.D. 299 (S.D. NY 1982), the court held that a general and blanket claim of attorney-client privilege to a series of interrogatories is improper. Id. at 306.  The Court ruled the objection and claim of privilege must supply the court with sufficient information to conclude that a privilege does indeed apply. Id. Further, plaintiff cites Paulsen v Case Corp., 168 F.R.D. 285 (C.D. C.A. 1996), in support his motion to strike general objections.  The court's opinion in Paulsen does not even address the use of general objections by a responding party. Id. at 289.  The same is true for plaintiff's reference to Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589 (W.D.N.Y. 1996) (without demonstrating underlying facts or circumstances of privilege or protection failed to satisfy the burden of claiming privilege).

Plaintiff's cited cases merely reiterate the general propositions that: a responding party must specifically object to a discovery request; the responding party cannot rely

3

solely on references to general objections; and the responding party has a burden to demonstrate any objections based on privilege.  However, none of these propositions are at issue in plaintiff's motion to strike.  There is not one argument or reference to a specific interrogatory or document request in plaintiff's motion where the plaintiff is complaining of a lack of specificity or an improper reliance on a general objection.  Rather, plaintiff is essentially complaining about the mere presence of the general objections in Briggs's responses to plaintiff's numerous discovery requests.  This alone is not a sufficient basis for a motion to strike.

Further, the use of general objections or a preliminary statement by a responding party to discovery has been recognized as an efficient response. <u>Cotracom Commodity Trading Co., v. Seaboard Corp.</u>, 1998 WL 231135 *2 (D. Kan.).  In this instance, many of Briggs' general objections are made for the very purpose of efficiency identified in <u>Cotracom</u>.  Rather than listing out the full text of each and every general objection to every one of plaintiff's discovery requests, Briggs incorporated the general objections and drafts a specific objection to each discovery request deemed objectionable.  Additionally, the use of general objections in this case is necessary because of the changing and expanding scope of plaintiff's discovery requests on the same issues.  In responding to new discovery requests and supplementing prior discovery responses as additional responsive information is found, Briggs relies on these general objections so as not to inadvertently waive any claim of privilege or protection.

## **CONCLUSION**

For the reasons set forth above, defendants request that this Court deny plaintiff's Motion to Strike General Objections.

Dated this 24th day of June, 2010.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendants


        By: */s/ Donald H. Carlson*
            DONALD H. CARLSON
            JAMES A. NIQUET
            710 North Plankinton Avenue
            Milwaukee, WI 53203
            Telephone: 414-271-7722
            FAX: 414-271-4438

        and

        COUSINEAU MCGUIRE CHARTERED
        Attorneys for Defendants
            James L. Haigh
            David Wikoff
            1550 Utica Avenue South, #600
            Minneapolis, MN 55416
            Telephone: 952-525-6943
            FAX: 952-546-0628