UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bradley J. Sobolik, Trustee for
the Next of Kin of Wendy J.
Sobolik, Deceased,

                    Plaintiff,

        vs.                                              MINUTE ORDER

Briggs & Stratton Corporation,
Briggs & Stratton Power
Products Group, LLC, and
Simplicity Manufacturing, Inc.,

                    Defendants.              Civ. No. 09-1785 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(A), upon the Defendants' Motions to Compel, and to Quash, and

upon the Plaintiff's Motion to Strike General Objections.  A Hearing on the Motions

was conducted on July 1, 2010, at which time, the Plaintiff appeared by John D.

Gehlhausen, Esq., and the Defendants appeared by Donald H. Carlson, Esq.  For

reasons expressed below, we grant the Defendants' Motions to Compel, and to Quash, in part, and we deny the Plaintiff's Motion to Strike.

## II. Discussion

Since they involve different considerations, we separately address each of the pending Motions.

### A.   The Defendants' Motion to Compel.[1]

#### 1.   The Defendants' Interrogatory No. 12.

In this Interrogatory, the Defendants request the Plaintiff's gross and net income figures for the years from 1999 through 2002. The Plaintiff has already produced the same information for the years from 2003 through 2009, but

---

[1]The Plaintiff contends that the Defendant's Motion to Compel is untimely, because it was filed after the close of discovery. While discovery is no longer open, except as to matters previously ruled upon by the Court, the parties have stipulated to a deadline of September 1, 2010, for the filing of nondispositive Motions, such as those they present here, and we adopted their Stipulation by Order dated June 15, 2010. See, Order, Docket No. 92. Alternatively, the Plaintiff urges that the Defendant unnecessarily delayed the filing of his Motions, but we find no merit in the argument. While it is true that the Defendant waited some one hundred thirty-three (133) days before objecting to certain of the Plaintiff's discovery responses, it was a much shorter period of delay as to certain other of his discovery responses. The Plaintiff does not particularize any prejudice caused by the delay, and we have found none. Lastly, the Plaintiff asserts that the Defendants' Second Set of Interrogatories were served just twenty-two (22) days before the close of discovery, but notably, the Plaintiff responded to those Interrogatories without complaint, and has not predicated his objections, to any particular discovery request, on that lateness of service.

contends that the information was not used by the Plaintiff's economist, and so, it need not be disclosed to the Defendants. We conclude that the Defendants' analysis of the loss of earning capacity, and of lost income, by the Plaintiff's decedent, and by her Estate, should not be regulated by the years chosen by the Plaintiff's economist. Notably, the Plaintiff does not contend that the requested information would be unreasonably burdensome, and we find that a period, which extends approximately eight (8) years before the death of the Plaintiff's decedent, is relevant to the issues surrounding the Plaintiff's claimed damages.

2.     The Defendant's Interrogatory Nos. 22 and 23.

In Interrogatory No. 22, the Defendants asked the Plaintiff to disclose any accidents, which were known to the Plaintiff, that involved a substantially similar piece of equipment, as we have defined that term in the course of this litigation. The Plaintiff objects to the Interrogatory as, in the Plaintiff's view, the inquiry seeks the disclosure of his attorney's work product. We disagree. The Defendants are entitled to the historic facts, which are known to the Plaintiff, or those who are subject to the Plaintiff's care, custody or control. The Defendants disclaim any interest in having any representative of the Plaintiff, or the Plaintiff, himself, conduct any research in response to the question, as the Defendants only want an

assurance that all parties have access to the same body of nonprivileged information.

As we explained, in a related context:

> Only when the party seeking discovery attempts to ascertain "historical" facts, which inherently reveal the attorney's mental impressions, does the ordinary work product privilege extend to protect the intangible interests.  See, Shelton v. American Motors Corp., 805 F.2d 1323, 1326 (8th Cir. 1986).   While the distinction is a fine one, it represents a tenable footing between "unwarranted inquiries into the files and mental impressions of an attorney," Hickman v. Taylor, [329 U.S. 495], 510, 67 S.Ct. [385], 393 [(1947)], and the intolerable prospect that the work-product protections will be employed to shroud otherwise discoverable corporate affairs in a veil of secrecy.

Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-13 (8th Cir. 1997).

It would be most unfortunate to the search for the truth, if the Plaintiff could resist discovery into like accidents, which involved substantially similar equipment, simply because those historic facts were known to the Plaintiff's expert witnesses, consultants, or other representatives, while the Defendants were obligated to disclose all of the same type of accidents which were known to them.  Neither party should  be blindsided at Trial.

Accordingly, we grant the Defendants' Motion to Compel as to their Interrogatory No. 22, as well as to No. 23, which seeks additional details as to the same subject matter.

- 4 -

3.      The Defendants' Interrogatory No. 24.

This Interrogatory seeks information about any drowning deaths, under circumstances similar to those presented here, and which involved substantially similar equipment.  For the same reasons, which were applicable to Interrogatory No. 22, we grant this Motion.  We reiterate that, in granting the Motion, we do not expect, or require, the Plaintiff, or the Plaintiff's representatives, to perform any additional research, and the request for information goes only to the Plaintiff's knowledge, inclusive of those information sources which fall within the Plaintiff's care, custody or control.  While, as the Plaintiff has underscored, his expert witnesses were questioned as to the inquiries contained in Interrogatories 22 and 24, the Defendants should be assured that, following those depositions, the Plaintiff did not access information, which would be responsive to those Interrogatories, with possible surprise at the time of Trial.

4.      The Defendants' Requests for Production Nos. 13-16.

These Requests pertain to rollover protective systems ("ROPS"), issues of lawnmower stability, and the installation of ROPS, and seek any documents that have been secured, on those subjects, and with specific reference to substantially similar equipment, by the Plaintiff, or those within the Plaintiff's care, custody and

- 5 -

control.  The Plaintiff opposes the Motion on the ground that the Defendants are seeking to invade his attorney's work product.  Again, we disagree, as the Defendants are entitled to know the historic facts that are known to the Plaintiff, and by those in his care, custody, or control.  If, as the Plaintiff argues, those documents, and that information, which is in the possession of his legal representatives, or experts, are shielded from discovery by an expansive work product, or an attorney-client privilege, then discovery becomes a one-way street, with only the Defendants subject to discovery on issues critical to both liability and damages.  Such a result is unacceptable.

     5.    <u>The Defendants' Requests for Production Nos. 26-39, and 41-42</u>.

     In these Requests for Production, the Defendants request the Plaintiff to disclose the specific documents which support specific paragraphs in the Plaintiff's Complaint.  In opposing the Motion, the Plaintiff represents that, all of the documents, which are within his care, custody, or control, and which relate to those paragraphs, have been produced, and consequently, he only objects to a further specification as to which of those documents relate specifically to a particular paragraph of his Complaint, as that truly invades the mental impressions of his attorney.  We agree.

- 6 -

The Defendants are entitled to relevant documents, but they are not entitled to an explanation -- effectively from the Plaintiff's legal counsel -- as to why those documents are relevant to any specific allegation in the Plaintiff's Complaint. The Defendants are represented by legal counsel, so they have the same opportunity, as is available to the Plaintiff, to assess why any given document is relevant to a specific allegation in the Plaintiff's Complaint. As a result, we deny the Defendants' Motion to Compel with respect to Requests 26-39, and 41-42.[2]

---

[2]The Plaintiff also objects to a number of Interrogatories which ask him to produce any documents, which were authored by the Defendants, which pertain to similarly situated equipment, and which were not produced by the Defendants in this litigation. Characterizing those Interrogatories as "Morris Inquiries," the Plaintiff contends that those discovery requests are improper. We find little merit in the Plaintiff's argument. First, the Plaintiff did not append the opinion of the Court, in Marla Morris vs. Honda Motor Co., Ltd., Honda R&D Company, Ltd., and American Honda Motor Co., Inc., Civ. No. 286-242 (Southern District of Georgia, Brunswick Division (April 28, 1987). We importuned the Circuit Librarian to secure a copy of the Order, and such other documents from that case, as would inform us as to the substance of a "Morris Inquiry." By every appearance -- only a two (2) page Order addresses the issue -- the District Court rejected the objection predicated on the "Morris Inquiry," and our independent research has failed to uncover any other citation to that Order, or to the notion of a "Morris Inquiry," by any State or Federal Court.

Suffice it to say, we find the Plaintiff's objection unconvincing. The Defendants are entitled to know what documents, which are relevant to this case, are in the possession of the Plaintiff, and the document request is not cumulative, as the Defendants only seek the disclosure of those documents that have not already been produced by the Defendants. While the Plaintiff asserts that the Defendants are
(continued...)

6.     The Defendants' Motion to Deem the Plaintiff as Having Admitted Requests for Admission Nos. 1, 4 and 12.

a.     Standard of Review.   "The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454, 457-58 (D. Minn. 1997); see also, Schwarz Pharma, Inc. v. Paddock Laboratories, Inc., 429 F. Supp.2d 1116, 1129 (D. Minn. 2006)("The Advisory Committee Notes to Rule 36 state '[r]ule 36 serves two vital purposes, both of which are designed to reduce trial time,'" as "'[a]dmissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'").

As a consequence, while "Requests for Admission are not a discovery device," Lakehead Pipe Line Co. v. American Home Assurance Co., supra at 458, they serve an integral part of the Pretrial process by focusing the contested aspects of the

---

[2](...continued)

simply seeking a means to avoid further document disclosures, he cites nothing in support of that contention, and we find it to be churlish, at best, in view of the fact that generalized discovery has now closed.

litigation.  As here pertinent, Rule 36(a), Federal Rules of Civil Procedure, provides as follows:

> (1)    A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b) (1) relating to:
>
>> (A)    facts, the application of law to fact, or opinions about either; and
>>
>> (B)    the genuineness of any described documents.
>
> *      *      *
>
> (4)    If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. * * *
>
> *      *      *
>
> (6)    The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order than an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may defer its final decision until a pretrial conference or a specified time before trial.  Rule 37(a)(5) applies to an award of expenses.

"When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."  Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988).  "Though qualification may be required where a request contains assertions which are only partially correct, Flanders v. Claydon, 115 F.R.D. 70, 72 (D. Mass. 1987), a reviewing court should not permit a responding party to undermine the efficacy of the rule by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party."  Id., citing Walsh v. Connecticut Mutual Life Ins. Co., 26 F. Supp. 566, 573 (E.D.N.Y. 1939), see also, Xcel Energy, Inc. v. United States, 237 F.R.D. 416, 421 (D. Minn. 2006).

    b. Legal Analysis.  The Defendants request that we deem the Plaintiff to have admitted the Defendants' Request for Admissions Nos. 1, 4 and 12, see, Defendants' Memorandum in Support, Docket No. 95, at p. 17 of 19, or, alternatively, that we strike the portions of the Plaintiff's responses that are non-responsive.  For his part, the Plaintiff contends that he has responded to the Defendants' Requests for Admissions in good faith, and that his responses are in compliance with Rule 36.

In response to Requests for Admission Nos. 1 and 4, the Plaintiff admitted the substance of the Requests, but then added a caveat that was non-responsive, apparently in an effort to blunt the effect of his direct admission.  With respect to Request No. 1, the Plaintiff admits that a person of ordinary intelligence, inclusive of the Plaintiff's decedent, would recognize that a lawnmower could roll over if it went over an embankment.  The Plaintiff's admission responds directly to the substance of the Defendants' Request, but then, he denies that the Plaintiff's decedent would have had any reason to "think of" such an occurrence in light of her past experience.  The add-on is plainly non-responsive, and we find its addition to be inconsonant with an exercise of good faith.  See, e.g., Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 97 (W.D. Mo. 1973)(The plaintiff's response does not "'meet the substance of the requested admissions' in that the answers are nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admission rather than the 'essential truth' contained therein.").

The same may be said with respect to the Plaintiff's response to Request No. 4, in which the Plaintiff admits that the embankment at issue in the accident is considered a "drop-off," but then denies that the Plaintiff's decedent would have had any reason to believe that the mower would 'suddenly slide to a point where it would

do a side roll off the embankment."  Once again, the caveat, in the nature of a denial, is not responsive to the substance of the Request, and therefore, does not comply with Rule 36(a)(4).  "If the Court finds the answer insufficient, it may order the responding party to amend the answer," see Rule 36(a)(6), Federal Rules of Civil Procedure, or "[t]he Court may also simply order the matter admitted."  Brown v. Overhead Door Corp., 2008 WL 4614299 at * 2 (N.D. Ill., October 16, 2008), aff'd by, 2008 WL 5539388 (N.D. Ill., December 11, 2008).  "It is expected that denials will be forthright, specific, and unconditional; and if it [sic] is not, it will be treated as an admission." Turtin v. Motorists Mut. Ins. Co., 2009 WL 3335060 at *5 (W.D. W.Va., October 14, 2009), aff'd by, 668 F.Supp.2d 755 (N.D. W.Va. 2009), quoting United States v. Am. Tel. & Tel. Co., 83 F.R.D. 323, 333 (D.D.C. 1979).

Under the circumstances, here, where discovery has closed, and the Plaintiff was placed on ample notice that he might be required to reform his response to Request Nos. 1 and 4, and yet offers no language to cure the defects, we conclude that it is entirely appropriate to deem those Requests as having been admitted, otherwise we defeat the purpose, and the salutary effect, of pretrial admissions, and cripple the effectiveness of Rule 36, which we are not about to do.

With respect to Request for Admission No. 12, we reach a different conclusion, but not for the reason advanced by the Plaintiff.  Request No. 12 reads as follows:

> REQUEST NO. 12:  The cause of the accident which resulted in the death of Wendy Sobolik was Wendy Sobolik's negligence in mowing too close to the bank of the "coulee."

To this Request, the Plaintiff responded as follows:

> PLAINTIFF'S RESPONSE:  Denied as "too close" is left to the judgment of the operator.  Wendy Sobolik, based on past experience, presumably did not believe she was too close as it was where she had mowed innumerable times in the past.

We find nothing ambiguous or unclear in the phrase "too close," as it denotes proximity, and not what one might "presumably" believe or not believe.  Nonetheless, we find the Request inappropriate on other grounds.

Had the Request asked whether the negligence of the Plaintiff's decedent was "a" cause of the accident which resulted in her death, the Request would have plainly been permitted under Rule 36(a)(1)(A), as it would only be seeking an opinion involving "the application of law to fact."  Instead, the Defendants ask the Plaintiff to admit an ultimate issue in the case, because it asks the Plaintiff to admit that the asserted negligence of the Plaintiff's decedent was "the" cause of the accident, thereby

- 13 -

exonerating the Defendants from any comparative fault.  As we understand the Plaintiff's claim, he is of the view that, even if the decedent had negligently driven the lawnmower "too close" to the edge of the "coulee," she would not have been seriously injured if ROPS had been properly installed on her lawnmower.  In that respect, we find the Request to be inappropriate under Rule 36, and the denial of the Request to be appropriate.  See, e.g., Phillip M. Adams & Assoc., L.L.C. v. Dell, Inc., 2007 WL 128962 at *2 (D. Utah, January 11, 2007)("Even though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled."); Williamson v. Correctional Med. Serv., 2009 WL 1364350 at *2 (D. Del., May 14, 2009)("Requests for admission are properly objectionable when they call for a conclusion on one of the ultimate issues in the case."); Lakehead Pipe Line Co. v. American Home Assur. Co., supra at 458 ("[A] request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate.")[citing cases].

In sum, we grant this aspect of the Defendants' Motion to Compel as to Request Nos. 1 and 4, but deny the Motion as to Request No. 12.

B.    The Defendants' Motion to Quash.

- 14 -

The Plaintiff obtained two (2) Subpoenas, pursuant to Rule 45, Federal Rules of Civil Procedure, which were issued by Federal Courts outside of this District, on May 31, 2010 -- that is, one day before the close of discovery.  One of the Subpoenas was served upon the Outdoor Power Equipment Institute ("OPEI") on June 2, 2010, and the other was served upon the American National Standards Institute ("ANSI") on June 2, as well.  ANSI has already responded to the Subpoena so, as to ANSI, the Motion to Quash would appear to be moot, but we directed the parties to review the materials produced by ANSI, in response to the Subpoena, and report to the Court if there was a further dispute as to the ANSI documents.

We understand that OPEI has objected to the Subpoena, so the issues raised by that Subpoena remain in dispute.  As the Plaintiff recognizes, we have previously ruled that Rule 45 involves "discovery" which is subject to the restraints of our Rule 16 Scheduling Order.  See, Marvin Lumber and Cedar Co. v. P.G. Industries, Inc., 177 F.R.D. 443, 445 (D. Minn. 1997)(recognizing disagreement with Multi-Tech Systems, Inc. v. Hayes Microcomputer Products, Inc., 800 F. Supp. 825 (D. Minn. 1992), which held that Subpoenas were not subject to the Scheduling Order).  In Marvin, we joined what appears to be the majority view.  See, e.g., Rice v. United States, 164 F.R.D. 556 (N.D. Okla. 1995)(concluding that a party's Subpoena was discovery, although

- 15 -

recognizing that Rule 45 Subpoenas directed at documents necessary for Trial would not be considered discovery); <u>Nicholas v. Wyndam Intern., Inc.</u>, 2003 WL 23198847 at *1 (D. V.I., October 1, 2003)(acknowledging that "the majority of jurisdictions [have found] that a Rule 45 subpoena does in fact constitute discovery.")[citing cases]; <u>Mortgage Information Service, Inc. v. Kitchens</u>, 210 F.R.D. 562, 566 (W.D.N.C. 2002); <u>Dreyer v. GACS, Inc.</u>, 204 F.R.D. 120, 122 (N.D. Ind. 2001); <u>Integra Lifescience v. Merck KGaA</u>, 190 F.R.D. 556, 561 (S.D. Cal. 1999); <u>Leach v. Quality Health Services, Inc.</u>, 162 F.R.D. 40, 42 (E.D. Pa. 1995). As a consequence, we reject the Plaintiff's contention that his Rule 45 Subpoenas are not subject to this Court's Scheduling Order.

Similarly, we find the Plaintiff's argument, that this Court is without jurisdiction to quash his Rule 45 Subpoenas, to be misdirected. We recognize, and accept, that Subpoenas issued in a foreign District are subject to quashing by the issuing Court, and not the Court in which the action, to which the Subpoenas relate, is venued, unless the issues surrounding those Subpoenas have been remitted by the issuing Court. See, e.g., <u>In re Digital Equipment Corp.</u>, 949 F.2d 228 (8th Cir. 1991). Our acceptance of an unquestionable precept of a Rule 45 Subpoena, however, does not make us powerless to act. As we explained in <u>Marvin</u>:

- 16 -

> [T]o allow a party to continue with formal discovery -- that
> is, discovery which invokes the authority of the Court --
> whether in the guise of Rule 45, or any of the other discov-
> ery methods recognized by Rule 26(a)(5), after the discov-
> ery deadline unnecessarily lengthens [the] discovery
> process, and diverts the parties' attention, from the post-
> discovery aspects of preparing a case for Trial, to continued
> involvement in the discovery, and in the nondispositive
> motion process, we can find no plausible reason to exempt
> Rule 45 discovery from the time constraints that are
> applicable to all of the discovery methods recognized by
> the Federal Rules of Civil Procedure.

Marvin Lumber and Cedar Co. v. P.G. Industries, Inc., supra at 445.

This Court has the inherent power, and the non-delegable duty, to enforce its Scheduling Order in faithful allegiance to the command of Rule 1, Federal Rules of Civil Procedure.

Nor are we unmindful of the Plaintiff's assertion that he applied for the Subpoenas before the discovery deadline expired, by one (1) day, and that the Subpoenas were served only two (2) days later. Discovery must be served, however, sufficiently in advance of the discovery deadline so as to allow a response before the close of discovery. See, Bailey v. Komatsu Forklift U.S.A., Inc., 2008 WL 2674886 at *3 (N.D. Iowa, July 7, 2008)("[W]hen a scheduling order establishes a deadline for 'completion of discovery,' it requires more than simply filing discovery requests prior to the deadline," but "[r]ather, it requires that parties seeking discovery file their

requests sufficiently in advance of the deadline, such that the responses are due by the deadline for completion of discovery."). Quite plainly, the Plaintiff did not serve the Subpoenas sufficiently in advance of the discovery deadline as would allow a response before the close of discovery.

Lastly, we reject the Plaintiff's suggestion, that the Court should excuse his untimeliness, because the parties have engaged in a practice that allows their untimely service of discovery. In our Pretrial Order of November 16, 2009, we expressly forewarned counsel, as follows:

> No further or additional discovery shall be permitted after the above [discovery deadline] except by leave of the Court for good cause shown, **and agreements between counsel which contravene the provisions of this Order will not be recognized**.

Pretrial Order, Docket No. 22, at p. 2 of 5 [emphasis added].

A Pretrial Order is worthless if the parties are at liberty to change its deadlines at will and, here, the Plaintiff has demonstrated no good cause to extend the discovery deadline.

Therefore, as an exercise of our authority to preserve our Pretrial deadlines, and to facilitate the administration of justice, we direct the Plaintiff to immediately cease

- 18 -

and desist in any efforts to enforce the Subpoena which he has caused to have been served upon OPEI.

      C.    <u>The Plaintiff's Motion to Strike General Objections</u>.

      The Plaintiff moves the Court for an Order striking the Defendants' General Objections to the Plaintiff's discovery.  See, <u>Plaintiff's Motion to Strike General Objections, Docket No. 103</u>.  The Plaintiff contends that "[t]he only logical purpose for such general objections by Defendant is to allow it to hide behind such objections when confronted with false and incomplete discovery answers." <u>Plaintiff's Memorandum in Support of Motion to Strike, Docket No. 105</u>, at p. 8 of 8.[3]

      In response, the Defendants contend that the Plaintiff's argument is without merit, as they have provided specific objections to each and every propounded request.  The Defendants further maintain that the General Objections were inserted so as to preserve their defenses.  While we are not persuaded that the General Objections accomplish any significant substantive purpose, we find the Plaintiff's current Motion to be curious, at best.  We have had a fair number of discovery disputes in this case, some of which were directed by the Plaintiff at the Defendants'

---

   [3]The Defendants' General Objections are set forth in the Plaintiff's Memorandum, see, <u>Plaintiff's Memorandum in Support of Motion to Strike, Docket No. 105</u>, at pp. 2-5 of 8.

responses to the Plaintiff's discovery.  At no prior point did the Plaintiff contest the General Objections, and we ruled on the respective Motions to Compel on the basis of those objections that the parties' brought to our attention, and that they had asserted with respect to specific items of discovery.  If, as the Plaintiff now portends, some grave principle of discovery is traversed by those General Objections, one would have thought that the issue would have been aired well before the close of discovery. Notably, the Plaintiff does not identify any General Objection that has defeated any of his efforts at discovery, or that should not have been raised in opposition to one of his Motions to Compel.

In the final analysis, we are not troubled by a party's election to employ General Objections, so long as the specific discovery responses contain particularized objections, as was the case here.  Our review of the General Objections leaves the firm impression that they are fairly innocuous, and reflect no realistic effort to defeat the Plaintiff's discovery, and therefore, we deny the Plaintiff's Motion as without merit. We would hasten to add, however, that, if any General Objection was employed by the Defendants to preclude, or limit discovery, as to a specific discovery request, and was not included in the objection in the Defendants' response to that specific request, the Defendants are directed to draw that to the attention of the Plaintiff, in a "meet and

confer," and if a dispute as to any such item arises, we would be available to resolve the matter.[4]

NOW, THEREFORE, It is --

ORDERED:

1.     That the Defendants' Motion to Compel [Docket No. 93] is GRANTED in part, as more fully detailed in the text of this Order.

2.     That the Defendants' Motion is Quash [Docket No. 99] is DENIED, in part, as moot, and GRANTED in part.

---

[4]On June 29, 2010, the Defendants filed another Motion to Quash. See, Docket No. 120. We declined to consider the Motion at the Hearing on the parties' other Motions, as the Plaintiff did not have an opportunity to file a written response. The Plaintiff has seven (7) days from the date of this Order to file a written response to the Defendants' most recent Motion to Quash, if he wishes to do so. We would observe that the rulings reached in this Order may well provide the parties with some guidance as to how we might consider the Defendants' newly raised discovery concerns. Should the Plaintiff file a response, we will consider the advisability of a Hearing on the Motion thereafter.

3.     That the Plaintiff's Motion to Strike General Objections [Docket No.

103] is DENIED.


BY THE COURT:


Dated:  July 2, 2010                          _s/Raymond L. Erickson_____
                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE