UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRADLEY J. SOBOLIK, *trustee for the next of kin of Wendy J. Sobolik, deceased*, <br><br> Plaintiff, <br><br> v. <br><br> BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and SIMPLICITY MANUFACTURING, INC., <br><br> Defendants. | Civil No. 09-1785 (JRT/LIB) <br><br><br> **ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE THE TRIAL** |

John D. Gehlhausen and Elisabeth A. Cortese, **JOHN GEHLHAUSEN, P.C.**, 22488 East Polk Drive, Aurora, CO 80016; Jeffrey W. Hane, **BRINK, SOBOLIK, SEVERSON, MALM & ALBRECHT, PA**, Post Office Box 790, Hallock, MN 56728, for plaintiff.

James L. Haigh and David A. Wikoff, **COUSINEAU MCGUIRE CHARTERED**, 1550 Utica Avenue South, Suite 600, Minneapolis, MN, 55416; Donald H. Carlson and James A. Niquet, **CRIVELLO – CARLSON, S.C.**, 710 North Plankinton Avenue, Milwaukee, WI 53203, and Stephen F. Rufer, **PEMBERTON SORLIE RUFER & KERSHNER**, Post Office Box 866, Fergus Falls, MN 56538, for defendants;

Wendy J. Sobolik drowned after using a lawn tractor that rolled into a coulee and pinned her under the water. Bradley J. Sobolik ("Sobolik"), as next of kin, brought a wrongful death suit against Briggs & Stratton Power Products Group, LLC and Simplicity Manufacturing, Inc. (collectively, "Defendants") alleging design defect and

failure to warn claims in both strict liability and negligence.[1]  This Order addresses Defendants' motion to bifurcate the trial.  Because bifurcation will not adequately promote judicial economy or convenience and is not necessary to avoid undue prejudice, the Court denies Defendants' motion.

## ANALYSIS

Defendants move the Court to bifurcate this action, separating the liability and damages phases of the trial.  Rule 42(b) of the Federal Rules of Civil Procedure provides the Court's authority to order bifurcation:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

The burden is on Defendants to demonstrate that bifurcation would meet the objectives of the rule.  *See, e.g.*, *Kooima v. Zacklift Int'l, Inc.*, 2002 WL 34458064, at *1 (D.S.D. Aug. 22, 2002).  In exercising their broad discretion, "district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."  *O'Dell v. Hercules Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990).

The Court will deny Defendants' bifurcation motion for three reasons.  First, bifurcation would not preserve judicial economy because it would create redundancy.  Sobolik has identified multiple witnesses that would testify in both portions of the trial.

---

[1] A more detailed factual background is available in the Court's March Order.  *See Sobolik v. Briggs & Stratton Power Prods. Grp., LLC*, 2011 WL 1258503, at *1 (D. Minn. Mar. 30, 2011).

Although Defendants argue the trial would be shorter if they prevail on liability, this benefit is uncertain.  Second and relatedly, bifurcation may undermine convenience because counsel, parties, witnesses, and jurors might face two trials with potentially repetitious testimony.  *See United States v. Beaudet*, No. 03-1132, 2004 WL 1635853, at *2 (D. Minn. July 19, 2004) (citing *i-Systems, Inc. v. Software, Inc.*, No. 02-1951, 2004 WL 742082 (D. Minn. Mar. 29, 2004)).

Finally, Defendants have not demonstrated that they will experience undue prejudice if the trial is not bifurcated.  If "the party seeking bifurcation cannot show prejudice, a motion for bifurcation will be denied."  8 James Wm. Moore et al., Moore's Federal Practice – Civil ¶ 42.20[4][c] (Online Ed. 2011).  *See also Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (finding no abuse of discretion in refusal to bifurcate because defendant failed to show prejudice).  Although Defendants argue that the jury's sympathy will be elicited by the damages evidence, they have not demonstrated that the jury would be unduly prejudiced.  The Court is confident that the jurors will look objectively at the evidence.  *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 625 (N.D. Ill. 2000) ("[J]urors bring a collective wisdom, common sense and experience as well as intelligence and dedication to their task.").

Defendants failed to demonstrate that bifurcation will promote judicial economy and convenience or avoid undue prejudice.  Accordingly, the Court will deny Defendants' motion for bifurcation.

- 4 -

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate the Trial [Docket No. 220] is **DENIED.**

DATED:  November 7, 2011    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                      United States District Judge